## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RAY G. BRIGGS, <br> on behalf of Plaintiff and a class, <br><br>       Plaintiff, <br><br> vs. <br><br> LAND HOME FINANCIAL SERVICES, INC. <br> and ATLANTICA, LLC, <br><br>       Defendants. | Case No.   1:20-cv-04821 |

### NOTICE OF REMOVAL

Defendant, Land Home Financial Services, Inc. ("Land Home"), through its counsel, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 hereby removes the action filed as *Ray G. Briggs v. Land Home Financial Services, Inc. and Atlantica, LLC.,* 2020 CH 04980, in the Circuit Court of Cook County, Illinois (the "State Court Proceeding"), to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, states as follows:

### Parties

1.     Plaintiff, Ray G. Briggs ("Briggs") is a resident of Glenwood, Illinois.

2.     Defendant, Land Home Financial Services, Inc. is a California corporation with its principal place of business in California.

3.     Defendant, Atlantica, LLC ("Atlantica") is a Delaware limited liability company with offices in Seattle Washington. (Atlantica and Briggs, collectively, "Defendants").

1

**Procedural History and Background**

4.      On July 16, 2020, Briggs filed the State Court Proceeding in the Circuit Court of Cook County, Chancery Division.

5.      In accordance with 28 U.S.C. § 1446(a), a true and accurate copy of the Complaint, Summons, Civil Cover Sheet, and Briggs' Motion for Class Certification are attached hereto as **Exhibit 1**.

6.      Both Land Home and Atlantica were served with the Complaint on July 17, 2020.

7.      No substantive matters have been addressed in the State Court proceeding.

8.      The Complaint contains two counts: Count I seeks relief against Land Home under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Count II seeks relief against Atlantica under the Truth in Lending Act, 15 U.S.C. § 1601.

**Grounds for Removal and Procedural Requirements**

9.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

10.      Under 28 U.S.C. § 1331, this Court has original federal question jurisdiction over this action because Plaintiff's claims pursuant to 15 U.S.C. § 1692 and 15 U.S.C. § 1601 arise under the laws of the United States. *See* 28 U.S.C. § 1331.

11.      The Circuit Court of Cook County, Illinois is within the Northern District of Illinois. Therefore, removal to the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1441(a).

12.      Venue properly lies in this Court pursuant to 28 U.S.C. § 1446(a), as the State Court Proceeding is currently pending in the Circuit Court of Cook County, Illinois.

2

13.     In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within 30 days of Briggs' service of a copy of the Complaint on Defendants. Atlantica consents to the removal of the State Court Proceeding to the Northern District of Illinois. *See* a written consent executed on behalf of Atlantica, **Exhibit 2.**

14.     In accordance with 28 U.S.C. § 1446(b)(2)(A), all Defendants that have been served with the Complaint in the State Court Proceeding consent to this removal. Ex. 2.

15.     In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Circuit Court of Cook County, Illinois and sent to Plaintiff.

16.     By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them.

WHEREFORE, for the reasons stated above, this action is removable to this Court pursuant to 28 U.S.C. §§ 1331, 1336, 1441, and 1446.

Respectfully Submitted,

/s/ *Timothy R. Herman*

Timothy R. Herman (Bar No. 6301721)
Clark Hill PLC
130 E. Randolph St. | Suite 3900
Chicago, Illinois 60601
T: (312) 985-5950 | F: (312) 985-5574
therman@clarkhill.com



# Notice of Service of Process

null / ALL
**Transmittal Number: 21777269**
**Date Processed: 07/20/2020**

| | |
|---|---|
| Primary Contact: | Meghan E Renich<br>Land Home Financial Inc.<br>1355 Willow Way<br>Ste 250<br>Concord, CA 94520-8113 |
| Electronic copy provided to: | Deborah Robertson |

| | |
|---|---|
| Entity: | Land/Home Financial Services (Inc.)<br>Entity ID Number 2020928 |
| Entity Served: | Land Home Financial Services, Inc. |
| Title of Action: | Ray G. Briggs vs. Land Home Financial Services, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Class Action |
| Court/Agency: | Cook County Circuit Court, IL |
| Case/Reference No: | 2020CH04980 |
| Jurisdiction Served: | Illinois |
| Date Served on CSC: | 07/17/2020 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Daniel A. Edelman<br>312-739-4200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT 1

Return Date: No return date scheduled
Hearing Date: 11/13/2020 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
    Cook County, IL

FILED
7/16/2020 4:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04980

9794877

FILED DATE: 7/16/2020 4:04 PM  2020CH04980

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                       (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Ray G. Briggs
_____
               (Name all parties)

v.

Land Home Financial Services, Inc., et al.

Case No.   **2020CH04980**

☑ **SUMMONS**    ☐ **ALIAS SUMMONS**

Land Home Financial Services, Inc.
C/O Registered Agent:
Illinois Corporation Service Co.
801 Adlai Stevenson Drive
Springfield, IL 62703

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Summons - Alias Summons        (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

7/16/2020 4:04 PM DOROTHY BROWN

Witness: _____

Atty. No.: 41106

Atty Name: Daniel A. Edelman

Atty. for: Plaintiff Kathleen Ward

Address: 20 South Clark Street, Suite 1500

City: Chicago

State: IL    Zip: 60603

Telephone: (312) 739-4200

Primary Email: dedelman@edcombs.com

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

Return Date: No return date scheduled
Hearing Date: 11/13/2020 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
      Cook County, IL

FILED
7/16/2020 4:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04980

9794877

FILED DATE: 7/16/2020 4:04 PM 2020CH04980

Chancery Division Civil Cover Sheet
General Chancery Section

(02/19/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Ray G. Briggs

                    Plaintiff

v.

Land Home Financial Services, Inc., and Atlantica, LLC

                    Defendant

Case No: **2020CH04980**

### CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ Administrative Review | | 0017 | ☐ Mandamus | |
| 0001 | ☑ Class Action | | 0018 | ☐ Ne Exeat | |
| 0002 | ☐ Declaratory Judgment | | 0019 | ☐ Partition | |
| 0004 | ☐ Injunction | | 0020 | ☐ Quiet Title | |
| | | | 0021 | ☐ Quo Warranto | |
| 0007 | ☐ General Chancery | | 0022 | ☐ Redemption Rights | |
| 0010 | ☐ Accounting | | 0023 | ☐ Reformation of a Contract | |
| 0011 | ☐ Arbitration | | 0024 | ☐ Rescission of a Contract | |
| 0012 | ☐ Certiorari | | 0025 | ☐ Specific Performance | |
| 0013 | ☐ Dissolution of Corporation | | 0026 | ☐ Trust Construction | |
| 0014 | ☐ Dissolution of Partnership | | 0050 | ☐ Internet Take Down Action (Compromising Images) | |
| 0015 | ☐ Equitable Lien | | | | |
| 0016 | ☐ Interpleader | | | ☐ Other (specify) _____ | |

○ Atty. No.: 41106     ○ Pro Se 99500

Atty Name: Daniel A. Edelman

Atty. for: Ray G. Briggs

Address: 20 South Clark Street, Suite 1500

City: Chicago     State: IL

Zip: 60603

Telephone: (312) 739-4200

Primary Email: courtecl@edcombs.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1

FILED
7/16/2020 4:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04980

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| RAY G. BRIGGS, on behalf of Plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | 2020CH04980 |
| | ) | |
| vs. | ) | |
| | ) | |
| LAND HOME FINANCIAL SERVICES, INC. and ATLANTICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT – CLASS ACTION

1.      Plaintiff, Ray G. Briggs, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendants Land Home Financial Services, Inc. and Atlantica, LLC.   Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

FILED DATE: 7/16/2020 4:04 PM    2020CH04980

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct," and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

7.      TILA requires disclosures at the inception of consumer credit transactions and at specified points thereafter.  One of the requirements of TILA is that when a residential mortgage loan is sold, the "new creditor" provide a notice within 30 days.

8.      Plaintiff was misled and confused by the conduct complained of herein.

## VENUE AND JURISDICTION

9.      Venue and personal jurisdiction in Cook County are proper because:

      a.      Defendants' communications were received by Plaintiff within Cook County;

      b.      Each Defendant is a foreign business entity that does or transacts business within Cook County.

## PARTIES

10.     Plaintiff Ray G. Briggs is a resident of Glenwood, Illinois.

11.     Defendant Land Home Financial Services, Inc. is a California corporation with offices at 3611 South Harbor Boulevard, Suite 100, Santa Ana, CA 92704.  It does business in Illinois.  Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

12.     Land Home Financial Services, Inc. holds itself out as a "special servicer" of residential mortgage loans. (https://servicing.lhfs.com/npl-services)

-2-

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

13. A "special servicer" is mortgage industry jargon for a servicer that services delinquent or nonperforming loans, as opposed to current loans.

14. Land Home Financial Services, Inc. uses the mails, telephone system and internet in conducting its business.

15. Land Home Financial Services, Inc. holds a debt collection license from the Illinois Department of Financial and Professional Regulation.

16. Land Home Financial Services, Inc. regularly collects delinquent debts allegedly owed to others, and is a debt collector as defined in the FDCPA.

17. Land Home Financial Services, Inc. has filed more than 50 foreclosure and collection lawsuits and claims in consumer bankruptcies in Illinois.

18. Defendant Atlantica, LLC is a limited liability company organized under Delaware law with offices at 2001 Western Ave., Ste. 400, Seattle, WA 98121. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

19. The principal occupant of the offices at 2001 Western Ave., Ste. 400, Seattle, WA 98121 is a debt collection law firm, Weinstein & Riley PS.

20. Atlantica, LLC is one of a number of entities operated from the same offices for the purposes of acquiring and liquidating consumer debts of various types.

21. Atlantica, LLC files hundreds of foreclosure and collection lawsuits against consumers, in which Atlantica, LLC is the plaintiff. At least 12 such lawsuits have been filed in Illinois. It also files claims against consumers in bankruptcy proceedings.

22. On information and belief, the principal business of Atlantica, LLC is the liquidation of consumer debts.

23. On information and belief, the sole source of revenue of Atlantica, LLC is the liquidation of consumer debts.

24. Atlantica, LLC is a debt collector as defined in the FDCPA.

-3-

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

25.     At all times, Land Home Financial Services, Inc. has been acting with respect to Plaintiff as the authorized agent of Atlantica, LLC.

**FACTS**

26.     Effective April 10, 2020, servicing of a mortgage loan secured by Plaintiff's residence in Glenwood, Illinois was transferred from SN Servicing Corporation to Land Home Financial  Services Inc.

27.     On March 24, 2020, Plaintiff was sent a notice by SN Servicing Corporation (Exhibit 1) advising of such transfer of *servicing.* The notice identified the creditor or owner of the loan as Atlantica, LLC, 2001 Western Ave., Ste. 400, Seattle, WA 98121.  It also stated that SN Servicing Corporation had been acting on behalf of Chalet Series IV Trust.

28.     On April 20, 2020, Plaintiff was sent a notice by Land Home Financial Services Inc. (Exhibit 2) stating that the *ownership* of the loan had been transferred on March 10, 2020.

29.     The April 20, 2020 notice (Exhibit 2) also purported to contain the "notice of debt" required by the Fair Debt Collection Practices Act.

30.     The April 20, 2020 notice was the first communication relating to the debt sent to Plaintiff by Land Home Financial Services, Inc.

31.     During March-April 2020, the loan was behind.  Plaintiff has been a debtor in a Chapter 13 since November 1, 2017.  The plan has not yet been completed.

32.     Exhibit 2 does not purport to state the amount of the debt.  It states the original principal amount of the debt when it was originated in 1998, but not what was owed on April 20, 2020.

33.     Exhibit 2 is a form document regularly used by Land Home Financial Services, Inc.

34.     Exhibit 2 is filled out by a computer in a standardized manner.

**COUNT I  – FAIR DEBT COLLECTION PRACTICES ACT  – CLASS CLAIM**

35.     Plaintiff incorporates paragraphs 1-34.

-4-

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

36.    This claim is against Land Home Financial Services, LLC.

37.    Land Home Financial Services, LLC violated 15 U.S.C. §1692g(a) by

failing to state the amount of the debt at the time letters in the form of Exhibit 2 were sent.

38.    Section 1692g(a) provides:

§ 1692g. Validation of debts

(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

## CLASS ALLEGATIONS

39.    Plaintiff brings this claim on behalf of a class.

40.    The class consists of (a) all individuals with addresses in Illinois (b) to whom

Land Home Financial Services, LLC sent a notice in the form represented by Exhibit 2 (c) which

failed to state, identified as such, the amount of the debt as of the date of the notice (d) which

notice was sent on or after a date one year prior to the filing of this action.

41.    On information and belief, there are more than 35 class members, and the class

is so numerous that joinder of all members is not practicable.

42.    There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a.    Whether Land Home Financial Services, LLC sends notices in the form represented by Exhibit 2 which fail to state, identified as such, the amount of the debt as of the date of the notice; and

    b.    Whether doing so violates the FDCPA.

43.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

44.    A class action is appropriate for the fair and efficient adjudication of this matter, in that:

    a.    Individual actions are not economically feasible.

    b.    Members of the class are likely to be unaware of their rights; and

    c.    Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i.    Statutory damages;

    ii.    Attorney's fees, litigation expenses and costs of suit; and

    iii.    Such other and further relief as the Court deems proper.

### COUNT II – TRUTH IN LENDING ACT – INDIVIDUAL CLAIM

45.    Plaintiff incorporates paragraphs 1-34.

46.    This claim is against Atlantica, LLC.

47.    Atlantica, LLC was required by the Truth in Lending Act, 15 U.S.C. §1641(g), to provide, directly or through its agent Land Home Financial Services, LLC, notice of it being the new creditor within 30 days after it became such.

-6-

FILED DATE: 7/16/2020 4:04 PM 2020CH04980

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

48.     Section 1641(g) provides:

(g) Notice of new creditor.

> (1) In general. In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including—
>
>> (A) the identity, address, telephone number of the new creditor;
>>
>> (B) the date of transfer;
>>
>> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>>
>> (D) the location of the place where transfer of ownership of the debt is recorded; and
>>
>> (E) any other relevant information regarding the new creditor.
>
> (2) Definition. As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

49.     Implementing Regulation Z, 12 C.F.R. §1026.39, "Mortgage transfer disclosures," provides:

> (a) Scope. The disclosure requirements of this section apply to any covered person except as otherwise provided in this section. For purposes of this section:
>
> (1) A "covered person" means any person, as defined in § 1026.2(a)(22), that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, and who acquires more than one mortgage loan in any twelve-month period. For purposes of this section, a servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds title to the loan, or title is assigned to the servicer, solely for the administrative convenience of the servicer in servicing the obligation.
>
> (2) A "mortgage loan" means:
>
>> (i) An open-end consumer credit transaction that is secured by the principal dwelling of a consumer; and
>>
>> (ii) A closed-end consumer credit transaction secured by a dwelling or real property.
>
> (b) Disclosure required. Except as provided in paragraph (c) of this section, each covered person is subject to the requirements of this section and shall mail or deliver the disclosures required by this section to the consumer on or before the 30th calendar day

-7-

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

following the date of transfer.

(1) Form of disclosures. The disclosures required by this section shall be provided clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures required by this section may be provided to the consumer in electronic form, subject to compliance with the consumer consent and other applicable provisions of the Electronic Signatures in Global and National Commerce Act (E-Sign Act) (15 U.S.C. 7001 et seq.).

(2) The date of transfer. For purposes of this section, the date of transfer to the covered person may, at the covered person's option, be either the date of acquisition recognized in the books and records of the acquiring party, or the date of transfer recognized in the books and records of the transferring party.

(3) Multiple consumers. If more than one consumer is liable on the obligation, a covered person may mail or deliver the disclosures to any consumer who is primarily liable.

(4) Multiple transfers. If a mortgage loan is acquired by a covered person and subsequently sold, assigned, or otherwise transferred to another covered person, a single disclosure may be provided on behalf of both covered persons if the disclosure satisfies the timing and content requirements applicable to each covered person.

(5) Multiple covered persons. If an acquisition involves multiple covered persons who jointly acquire the loan, a single disclosure must be provided on behalf of all covered persons.

(c) Exceptions. Notwithstanding paragraph (b) of this section, a covered person is not subject to the requirements of this section with respect to a particular mortgage loan if:

(1) The covered person sells, or otherwise transfers or assigns legal title to the mortgage loan on or before the 30th calendar day following the date that the covered person acquired the mortgage loan which shall be the date of transfer recognized for purposes of paragraph (b)(2) of this section;

(2) The mortgage loan is transferred to the covered person in connection with a repurchase agreement that obligates the transferor to repurchase the loan. However, if the transferor does not repurchase the loan, the covered person must provide the disclosures required by this section within 30 days after the date that the transaction is recognized as an acquisition on its books and records; or

(3) The covered person acquires only a partial interest in the loan and the party authorized to receive the consumer's notice of the right to rescind and resolve issues concerning the consumer's payments on the loan does not change as a result of the transfer of the partial interest.

(d) Content of required disclosures. The disclosures required by this section shall identify the mortgage loan that was sold, assigned or otherwise transferred, and state the following, except that the information required by paragraph (d)(5) of this section shall be stated only for a mortgage loan that is a closed-end consumer credit transaction secured by a dwelling or real property other than a reverse mortgage transaction subject

-8-

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

to §1026.33 of this part:

(1) The name, address, and telephone number of the covered person.

(i) If a single disclosure is provided on behalf of more than one covered person, the information required by this paragraph shall be provided for each of them unless paragraph (d)(1)(ii) of this section applies.

(ii) If a single disclosure is provided on behalf of more than one covered person and one of them has been authorized in accordance with paragraph (d)(3) of this section to receive the consumer's notice of the right to rescind and resolve issues concerning the consumer's payments on the loan, the information required by paragraph (d)(1) of this section may be provided only for that covered person.

(2) The date of transfer.

(3) The name, address and telephone number of an agent or party authorized to receive notice of the right to rescind and resolve issues concerning the consumer's payments on the loan. However, no information is required to be provided under this paragraph if the consumer can use the information provided under paragraph (d)(1) of this section for these purposes.

(4) Where transfer of ownership of the debt to the covered person is or may be recorded in public records, or, alternatively, that the transfer of ownership has not been recorded in public records at the time the disclosure is provided.

(5) Partial payment policy. Under the subheading "Partial Payment":

(i) If periodic payments that are less than the full amount due are accepted, a statement that the covered person, using the term "lender," may accept partial payments and apply such payments to the consumer's loan;

(ii) If periodic payments that are less than the full amount due are accepted but not applied to a consumer's loan until the consumer pays the remainder of the full amount due, a statement that the covered person, using the term "lender," may hold partial payments in a separate account until the consumer pays the remainder of the payment and then apply the full periodic payment to the consumer's loan;

(iii) If periodic payments that are less than the full amount due are not accepted, a statement that the covered person, using the term "lender," does not accept any partial payments; and

(iv) A statement that, if the loan is sold, the new covered person, using the term "lender," may have a different policy.

(e) Optional disclosures. In addition to the information required to be disclosed under paragraph (d) of this section, a covered person may, at its option, provide any other information regarding the transaction.

(f) Successor in interest. If, upon confirmation, a servicer provides a confirmed successor

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

in interest who is not liable on the mortgage loan obligation with a written notice and acknowledgment form in accordance with Regulation X, § 1024.32(c)(1) of this chapter, the servicer is not required to provide to the confirmed successor in interest any written disclosure required by paragraph (b) of this section unless and until the confirmed successor in interest either assumes the mortgage loan obligation under State law or has provided the servicer an executed acknowledgment in accordance with Regulation X, §1024.32(c)(1)(iv) of this chapter, that the confirmed successor in interest has not revoked.

50.    Atlantica, LLC did not provide such notice until 41 days after the date of the

alleged transfer and failed to provide any information about partial payments.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against

Defendant for:

      i.      Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit; and

      iii.    Such other and further relief as the Court deems proper.


                /s/Daniel A. Edelman
                Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Cathleen M. Combs (ARDC 0472840)
Tara L. Goodwin (ARDC 6297473)
Daniel Scott Miller (ARDC 6331448)
**EDELMAN, COMBS, LATTURNER**
    **& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
dedelman@edcombs.com
ccombs@edcombs.com
tgoodwin@edcombs.com
dmiller@edcombs.com
courtecl@edcombs.com
Atty. No. 41106 (Cook)

-10-

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

-11-

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that on July 16, 2020, I caused this document to be sent via process server on:

> Land Home Financial Services, Inc.
> C/O Registered Agent:
> Illinois Corporation Service Co.
> 801 Adlai Stevenson Drive
> Springfield, IL 62703
>
> Atlantica, LLC
> C/O Registered Agent:
> Illinois Corporation Service Co.
> 801 Adlai Stevenson Drive
> Springfield, IL 62703

*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Cathleen M. Combs (ARDC 0472840)
Tara L. Goodwin (ARDC 6297473)
Daniel Scott Miller (ARDC 6331448)
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
dedelman@edcombs.com
ccombs@edcombs.com
tgoodwin@edcombs.com
dmiller@edcombs.com
courtecl@edcombs.com
Atty. No. 41106 (Cook)

-12-

Return Date: No return date scheduled
Hearing Date: 11/13/2020 9:30 AM - 9:30 AM
Courtroom Number: 2408
Location: District 1 Court
       Cook County, IL

FILED
7/16/2020 4:04 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04980

9794877

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

# **APPENDIX A**



**SN SERVICING CORPORATION**
323 5TH STREET
EUREKA CA 95501

(800) 603-0836
Para Español, Ext. 2660 o 2643
8:00 a.m. – 5:00 p.m. Pacific Time
Main Office NMLS #5985
Branch Office NMLS #9785

March 24, 2020

RAY BRIGGS

▇▇▇▇▇▇▇▇

Loan Number: ▇▇▇▇▇
Collateral: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

## NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS

*Dear Borrower,*

You are hereby notified that the servicing for your above-referenced mortgage loan including the right to collect payments from you, has been assigned, sold or transferred from SN Servicing Corporation for Chalet Series IV Trust to Land Home Financial Services Inc.

The assignment, sale or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan. The servicing of the mortgage loan has been assigned to Land Home Financial Services Inc effective April 10, 2020.

If you are currently having your payments automatically withdrawn from your checking or savings account, SN Servicing Corporation will stop that service on April 9, 2020. Please contact Land Home Financial Services Inc to setup drafting or for other payment options available.

Except in limited circumstances, the law requires that your present Servicer send you this notice at least 15 days before this effective date or at closing. Your new Servicer must also send you this notice no later than 15 days after this effective date or at closing.

Should you have any questions regarding this transfer prior to the service transfer date, you should call SN Servicing Corporation toll free at (800) 603-0836 Monday through Friday, between 8:00 a.m. and 5:00 p.m. Pacific Time.

Your new Servicer will be Land Home Financial Services Inc.

The correspondence address for them is:  **Land Home Financial Services Inc**
**3611 South Harbor Blvd, Ste 100**
**Santa Ana, CA 92704**

Payments should be mailed to:  **Land Home Financial Services Inc**
**PO Box 25164**
**Santa Ana, CA 92799-5164**

If you have any questions relating to the transfer of servicing to your new Servicer please call their Customer Service Department toll-free at (877) 557-9042 Monday through Friday 7:00 a.m. to 5:00 p.m. Pacific Time.

The day that your present Servicer will stop accepting payments from you is April 9, 2020. Any payments received after that date will be forwarded to your new Servicer. The date that your new Servicer will start accepting payments is April 10, 2020.

FILED DATE: 7/16/2020 4:04 PM    2020CH04980

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

The transfer of ownership has been filed in the mortgage records for the county where the property securing this mortgage is located or registered with Mortgage Electronic Registration Systems, Inc., whichever is applicable to this mortgage loan.

You should also be aware of the following information, which is set out in more detail in Section 6 of RESPA (12 U.S.C. Section 2605):

During the 60 day period following the effective date of the transfer of the loan servicing, a loan payment received by your old Servicer before its due date may not be treated by the new loan Servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. Section 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan Servicer concerning the servicing of your loan, your Servicer must provide you with a written acknowledgment within 5 business days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the Servicer, which includes your name and account number, and your reasons for the request.

Not later than 30 business days after receiving your request, your Servicer must make any appropriate corrections to your account and must provide you with a written clarification regarding any dispute. During this 30 day period, your Servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where Servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

You will be receiving two year end statements for 2020. One from SN Servicing Corporation for Chalet Series IV Trust from January 1st or the date it began servicing, until transfer and one from Land Home Financial Services Inc from the transfer date through the end of the year.

You are hereby notified that this letter is being sent to you by SN Servicing Corporation, which is a debt collector. SN Servicing Corporation is attempting to collect a debt. Any information obtained by us will be used for that purpose.

During this transition, SN Servicing Corporation and Land Home Financial Services Inc will make every effort to provide efficient service. We appreciate your patience throughout this transition.

Sincerely,

SN Servicing Corporation for Chalet Series IV Trust

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

# **APPENDIX B**



**Land Home**
FINANCIAL SERVICES, INC.
*Your Preferred Community Lender*

3611 South Harbor Boulevard, Suite 100
Santa Ana, CA 92704
Phone: (877) 557-9042
https://servicing.lhfs.com/

4/20/2020

RAY BRIGGS

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

## NOTICE OF SALE OF OWNERSHIP OF MORTGAGE LOAN

Under federal law, borrowers are required to be notified in writing whenever ownership of a mortgage loan secured by their principal dwelling is sold, transferred or assigned (collectively, "sold") to a new creditor. This Notice is to inform you that your prior creditor has sold your mortgage loan (see loan information below) to the new creditor identified below.

**\*\*NOTE: The new creditor identified below is not the servicer of your loan. The servicer (identified below) acts on behalf of the new creditor to handle the ongoing administration of your loan, including the collection of mortgage payments. Please continue to send your mortgage payments as directed by the servicer, and NOT to the new creditor. Payments sent to the new creditor instead of the servicer may result in late charges on your loan and your account becoming past due. Neither the new creditor nor the servicer is responsible for late charges or other consequences of any misdirected payment.**

**SHOULD YOU HAVE ANY QUESTIONS REGARDING YOUR LOAN, PLEASE CONTACT THE SERVICER USING THE CONTACT INFORMATION SET FORTH BELOW. The servicer is authorized to handle routine inquiries and requests regarding your loan and, if necessary, to inform the new creditor of your request and communicate to you any decision with respect to such request. \*\***

Please note that the sale of your loan to us may also result in a change of servicer. If this occurs, you will receive a separate notice, required under federal law, providing information regarding the new servicer.

**LOAN INFORMATION**

Date of Loan: 10/13/1998
Original Loan Amount: $125,400.00
Date Your Loan was Sold to the New Creditor: 3/10/2020
Prior Loan Number: ▓▓▓▓▓▓▓
New Loan Number: ▓▓▓▓▓▓▓
Property Address: ▓▓▓▓▓▓▓▓▓▓▓▓▓

**SERVICER INFORMATION**

Name: Land Home Financial Services, LLC

Mailing Address: 3611 South Harbor Blvd, Suite 100
Santa Ana, CA 92704

Telephone Number: 1-877-557-9042

Website: https://servicing.lhfs.com/

**Disclosure:** This is an attempt to collect a debt. Any information obtained will be used for that purpose (FDCPA 15 U.S.C. §§ 1692 *et seq*). You are now communicating with a debt collector. It does not imply that Land Home Financial Services, Inc. is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States in such instances, it is intended solely for informational purposes and does not constitute a demand for payment.

FILED DATE: 7/16/2020 4:04 PM   2020CH04980

Scope of responsibilities: The servicer is responsible for all ongoing administration of your loan, including receipt and processing of payments, resolution of payment related issues, and response to any other inquiries you may have regarding your loan.

**NEW CREDITOR INFORMATION**

**Please be advised that all questions involving the administration of your loan (including questions related to payments, deferrals, modification or foreclosures) should be directed to the new servicer at the number above ad/or the agent (if any) of the new creditor identified below, and not to the new creditor. The new creditor does not have access to information relating to the administration of your loan and will not be able to answer most loan-related questions.**

Name: Atlantica, LLC

Mailing Address (not for payments): 2001 Western Ave, Ste 400
                                    Seattle, WA 98121

Telephone Number: 855-330-9520

Scope of responsibility: As new creditor, the above-named legal title trustee holds legal title to your loan on behalf of the related securitization trust. The legal title trustee, on behalf of the securitization trust, is authorized to receive legal notices and to exercise (or cause an agent on its behalf to exercise) certain rights of ownership with respect to your loan.

The transfer of the lien associated with your loan is, or in the future may be, recorded in the public records of the local County Recorder's office for the county or local jurisdiction where your property is located. Ownership of your loan may also be recorded on the registry of the Mortgage Electronic Registrations System at 1818 Library Street, Suite 300, Reston, VA 20190.

Our rights and obligations as new creditor, and consequently our authority to respond favorably to your requests or inquiries, may be limited by the terms of one or more contracts related to the securitization.

FILED DATE: 7/16/2020 4:04 PM 2020CH04980

**(a) Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

    **(1)** the amount of the debt;
    **(2)** the name of the creditor to whom the debt is owed;
    **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b) Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**(c) Admission of liability**

The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d) Legal pleadings**

A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.

**(e) Notice provisions**

The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by Title 26, title V of Gramm-Leach-Bliley Act [ 15 U.S.C.A. § 6801 et seq. ], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

Return Date: No return date scheduled
Hearing Date: 7/23/2020 9:45 AM - 9:45 AM
Courtroom Number:
Location:

FILED
7/16/2020 4:57 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04980

9796020

Atty. No. 41106

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 7/16/2020 4:57 PM    2020CH04980

| | |
|---|---|
| RAY G. BRIGGS,<br>on behalf of Plaintiff and a class, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| LAND HOME FINANCIAL<br>SERVICES, INC. and<br>ATLANTICA, LLC, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

Case No. 2020-CH-04980

Honorable Judge Alison C. Conlon

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Ray G. Briggs respectfully requests that the Court order that Count I of this

action, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.

("FDCPA"), may proceed on behalf of a class against Defendant Land Home Financial Services,

LLC. (Count II is an individual claim.)

The class consists of (a) all individuals with addresses in Illinois (b) to whom

Land Home Financial Services, LLC sent a notice in the form represented by Appendix B (c)

which failed to state, identified as such, the amount of the debt as of the date of the notice (d)

which notice was sent on or after a date one year prior to the filing of this action.

Plaintiff is required to file a motion for class certification with the Complaint, *Ballard RN*

*Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.,* 2015 IL 118644, 48 N.E.3d 1060, and

may request leave to supplement it later.

In support of this motion, Plaintiff states:

**NATURE OF THE CASE**

1.     Plaintiff Ray G. Briggs brings Count I to secure redress from unlawful

credit and collection practices engaged in by Defendant Land Home Financial Services, Inc.

Count I alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

-1-

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

("FDCPA").

2. Plaintiff Ray G. Briggs is a resident of Glenwood, Illinois.

3. Defendant Land Home Financial Services, Inc. is a California corporation that does business in Illinois. It holds itself out as a "special servicer" of residential mortgage loans. (https://servicing.lhfs.com/npl-services) A "special servicer" is mortgage industry jargon for a servicer that services delinquent or nonperforming loans, as opposed to current loans.

4. Defendant Land Home Financial Services, Inc. uses the mails, telephone system and internet in conducting its business. It holds a debt collection license from the Illinois Department of Financial and Professional Regulation. It regularly collects delinquent debts allegedly owed to others, and is a debt collector as defined in the FDCPA.

5. Defendant Land Home Financial Services, Inc. has filed more than 50 foreclosure and collection lawsuits and claims in consumer bankruptcies in Illinois.

6. On April 20, 2020, Plaintiff was sent a notice by Land Home Financial Services, Inc. (Appendix B) stating that the *ownership* of the loan had been transferred on March 10, 2020.

7. The April 20, 2020 notice (Appendix B) also purported to contain the "notice of debt" required by the Fair Debt Collection Practices Act.

8. The April 20, 2020 notice was the first communication relating to the debt sent to Plaintiff by Land Home Financial Services, Inc.

9. During March-April 2020, the loan was behind. Plaintiff has been a debtor in a Chapter 13 since November 1, 2017. The plan has not yet been completed.

10. Appendix B does not purport to state the amount of the debt. It states the original principal amount of the debt when it was originated in 1998, but not what was owed on April 20, 2020.

11. Appendix B is a form document regularly used by Land Home Financial Services Inc.

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

12.     Appendix B is filled out by computer in a standardized manner.

13.     Count I alleges that Defendant Land Home Financial Services, LLC violated 15

U.S.C. §1692g(a) by failing to state the amount of the debt at the time letters in the form of

Appendix B were sent.

14.     Section 1692g(a) provides:

§ 1692g.  Validation of debts

(a) Notice of debt; contents.  Within five days after the initial communication
with a consumer in connection with the collection of any debt, a debt collector
shall, unless the following information is contained in the initial communication
or the consumer has paid the debt, send the consumer a written notice containing–

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt
of the notice, disputes the validity of the debt, or any portion thereof, the
debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing
within the thirty-day period that the debt, or any portion thereof, is
disputed, the debt collector will obtain verification of the debt or a copy of
a judgment against the consumer and a copy of such verification or
judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the
thirty-day period, the debt collector will provide the consumer with the
name and address of the original creditor, if different from the current
creditor.

## THE FAIR DEBT COLLECTION PRACTICES ACT

15.     The purpose of the FDCPA is "to eliminate abusive debt collection practices by

debt collectors." 15 U.S.C. §1692(e).  This law "is designed to protect consumers from

unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*,

109 F.3d 338, 341 (7th Cir. 1997).  The FDCPA broadly prohibits unfair or unconscionable

collection methods; conduct which harasses, oppresses or abuses any debtor; and any false,

deceptive or misleading statements in connection with the collection of a debt.  It also requires

debt collectors to give debtors certain information about alleged debts, and about their rights as

-3-

consumers. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

16.    In enacting the FDCPA, Congress recognized the "universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule.... [The] vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce." 95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697.

17.    As noted in *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008), "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be underestimated." *See Sonmore v. CheckRite Recovery Services, Inc.*, 187 F.Supp.2d 1128, 1132 (D.Minn. 2001) (the FDCPA "is a remedial strict liability statute which was intended to be applied in a liberal manner"); *Owens v. Hellmuth & Johnson PLLC*, 550 F.Supp.2d 1060, 1063 (D.Minn. 2008) (same); and *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (the FDCPA should be "[construed]... broadly, so as to effect its purpose").

18.    "Congress intended the Act to be enforced primarily by consumers...." *Federal Trade Commission v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001); *Baker*, 677 F.2d at 780.

19.    Courts hold that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer," *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), or "least sophisticated consumer," *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1173 (11th Cir. 1985). The standard is an objective one – whether any particular consumer was misled is not an element of a cause of action. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether the plaintiff was deceived or misled, but rather whether an

-4-

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

FILED DATE: 7/16/2020 4:57 PM    2020CH04980

unsophisticated consumer would have been misled." *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

20.    Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.*, 839 F.Supp. 941 (D. Conn. 1993).

21.    Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499  (7th Cir. 1997); *Baker*, 677 F.2d at 780-1; *Woolfolk v. Van Ru Credit Corp.*, 783 F. Supp. 724, 727 and n. 3 (D. Conn. 1990); *Cacace v. Lucas*, 775 F. Supp. 502 (D. Conn. 1990); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 177 (W.D.N.Y. 1988); *Kuhn v. Account Control Technol.*, 865 F. Supp. 1443, 1450 (D.Nev. 1994); *In re Scrimpsher*, 17 B.R. 999, 1016-7 (Bankr.N.D.N.Y. 1982); *In re Littles*, 90 B.R. 669, 680 (Bankr. E.D.Pa. 1988), aff'd as modified sub nom. *Crossley v. Lieberman*, 90 B.R. 682 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989).

## REQUIREMENTS FOR CLASS CERTIFICATION

22.    Section 2-801 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-801,  states:

Prerequisites for the maintenance of a class action.

An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

Although the statute was modeled after Rule 23 of the Federal Rule of Civil Procedure, some differences exist between the two. *Eshaghi v. Hanley Dawson Cadillac Co.,* 214 Ill. App. 3d 995, 999, 574 N.E.2d 760, 762 (1st Dist. 1991).

FILED DATE: 7/16/2020 4:57 PM    2020CH04980

23.     The class action determination is to be made as soon as practicable after the commencement of an action brought as a class action and before any consideration of the merits. 735 ILCS 5/2-802. The circuit court has discretion as to whether an action may proceed as a class action. *Haywood v. Superior Bank,* 244 Ill. App. 3d 326, 328, 614 N.E.2d 461, 463 (1st Dist. 1993) (overturning the lower court's denial of class certification in a landlord-tenant case).

24.     Class actions are essential to enforce laws protecting consumers. As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> In a large and impersonal society, class actions are often the last barricade of consumer protection. . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action -- private suits or governmental actions -- have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer. (574 N.E.2d at 764, 766)

25.     As demonstrated below, each of the requirements for class certification is met.

26.     Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As a result, numerous FDCPA class actions have been certified. *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC,* 807 F.3d 872 (7th Cir. 2015); *Vines v. Sands,* 188 F.R.D. 302 (N.D. Ill. 1999); *Nielsen v. Dickerson,* 98cv5909, 1999 WL 350649, 1999 U.S. Dist. LEXIS 8334 (N.D. Ill. May 20, 1999); *Sledge v. Sands,* 182 F.R.D. 255 (N.D. Ill. 1998); *Shaver v. Trauner,* 97cv1309, 1998 WL 35333712, 1998 U.S. Dist. LEXIS 19647 (C.D. Ill. May 29, 1998*) report and recommendation adopted,* 1998 WL 35333713, 1998 U.S. Dist. LEXIS 19648 (C.D. Ill. July 31, 2098); *Carroll v. United Compucred Collections, Inc.*, 1:99cv0152, 2002 WL 31936511, 2002 U.S. Dist. LEXIS 25032 (M.D. Tenn. Nov. 15, 2002), *report and recommendation adopted in part,* 2003 WL 1903266, 2003 U.S. Dist. LEXIS 5996 (M.D. Tenn. Mar. 31, 2003) *aff'd,* 399 F.3d 620 (6th Cir. 2005); *Wahl v. Midland*

FILED DATE: 7/16/2020 4:57 PM    2020CH04980

*Credit Mgmt., Inc.*, 243 F.R.D. 291 (N.D. Ill. 2007); *Keele v. Wexler*, 95cv3483, 1996 WL 124452, 1996 U.S. Dist. LEXIS 3253 (N.D. Ill. Mar. 19, 1996), *aff'd,* 149 F.3d 589 (7th Cir. 1998); *Miller v. Wexler & Wexler*, 97cv6593, 1998 WL 60798, 1998 U.S. Dist. LEXIS 1382 (N.D. Ill. Feb. 6, 1998); *Wilborn v. Dun & Bradstreet*, 180 F.R.D. 347 (N.D. Ill. 1998); *Arango v. GC Servs., LP*, 97cv7912, 1998 WL 325257, 1998 U.S. Dist. LEXIS 9124 (N.D. Ill. June 11, 1998) (misleading collection letters); *Avila v. Van Ru Credit Corp.*, 94cv3234, 1995 WL 41425, 1995 U.S. Dist. LEXIS 461 (N.D. Ill. Jan. 31, 1995), aff'd sub nom. *Avila v. Rubin,* 84 F.3d 222 (7th Cir. 1996); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008); *Cotton v. Asset Acceptance*, 07cv5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill. June 26, 2008) (class certified); *Carr v. Trans Union Corp.*, 94cv0022, 1995 WL 20865, 1995 U.S. Dist. LEXIS 567 (E.D. Pa. Jan. 12, 1995) (FDCPA class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); *Colbert v. Trans Union Corp.* 93cv6106, 1995 WL 20821, 1995 U.S. Dist. LEXIS 578 (E.D. Pa. Jan. 12, 1995) (same); *Gammon v. GC Services, L.P.*, 162 F.R.D. 313 (N.D. Ill. 1995) (similar); *Zanni v. Lippold*, 119 F.R.D. 32, 35 (C.D. Ill. 1988); *West v. Costen*, 558 F. Supp. 564, 572-573 (W.D. Va. 1983) (FDCPA class certified regarding alleged failure to provide required "validation" notices and addition of unauthorized fees); *Cheqnet Systems, Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995) (class certified in FDCPA action challenging bad check charges); *Brewer v. Friedman*, 152 F.R.D. 142 (N.D. Ill. 1993) (FDCPA class certified regarding transmission of misleading collection demands to consumers), earlier opinion, 833 F. Supp. 697 (N.D. Ill. 1993); *Duran v. Credit Bureau of Yuma, Inc.,* 93 F.R.D. 607 (D. Ariz. 1982) (class certified in action complaining of unauthorized charges).

**Numerosity**

27.    Section 2-801(1) parallels the language of Federal Rule of Civil Procedure 23(a)(1); therefore, federal case law is instructive on the numerosity requirements under the Illinois Rules. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App.

FILED DATE: 7/16/2020 4:57 PM    2020CH04980

3d 445, 450, 555 N.E.2d 1150, 1153 (5th Dist. 1990). The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. *Kulins v. Malco*, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 members sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney,* 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 members sufficient).

28.    Illinois case law further indicates that "[t]he number of class members is relevant, not determinative." *Wood River Area Dev. Corp.,* 198 Ill. App. 3d at 450, 555 N.E. 2d at 1153. Where the class size is smaller, other factors may come into play to demonstrate that joinder is impractical, including: (1) geographical spread of class members, (2) ease of identifying and locating class members, (3) the knowledge and sophistication of class members and their need for protection, (4) the size of class members' claims, and (5) the nature of the case. *Id.* at 450-51, 555 N.E. 2d at 1153-54.

29.    It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Lit.,* 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross,* 663 F.Supp. 1164, 1169 (E.D.N.Y. 1986). The Court may "make common sense assumptions in order to find support for numerosity." *Evans v. United States Pipe & Foundry*, 696 F.2d 925, 930 (11th Cir. 1983). "The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination. . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 *Newberg on Class Actions* (3d ed. 1995), §7.22.

30.    In the present case, Plaintiff alleges, based on the volume of Defendant's collection activity in Illinois, that there are more than 35 members of the class, making them so

numerous that joinder is impracticable.

31.     While discovery will be needed to determine the precise class size, it is reasonable to infer that numerosity is satisfied. *Wood River Area Dev. Corp.,* 198 Ill. App. 3d at 450, 555 N.E.2d at 1153 (concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson,* 441 F.Supp. 254, 256 (D.Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v. Califano,* 460 F. Supp. 737, 744 (D.Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of); *Carr v. Trans Union Corp., supra* (Fair Debt Collection Practices Act class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers in which court inferred numerosity from the use of form letters); *Colbert v. Trans Union Corp., supra* (same).

**Common Questions and Predominance**

32.     A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.,* 230 Ill. App. 3d 628, 634, 595 N.E.2d 149, 153 (1st Dist.1992).

33.     In the present case, the predominant common questions are:

      a.    Whether  Land Home Financial Services, LLC sends notices in the form represented by Appendix B which fail to state, identified as such, the amount of the debt as of the date of the notice;

      b.    Whether doing so violates the FDCPA.

34.     Where a case involves "standardized conduct of the defendants toward members of

-9-

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

35. The only individual issue is the identification of the class members, a matter easily ascertainable from the files of Defendant.

36. Questions readily answerable from a party's files do not present an obstacle to class certification. *Heastie v. Community Bank*, 125 F.R.D. 669 (N.D.Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

**Adequacy of Representation**

37. The class action statute requires that the class representative provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the attorney for the class must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative must not have interests antagonistic to those of the class. *Rosario v. Livaditis,* 963 F.2d 1013, 1018 (7th Cir. 1992).

38. Plaintiff understands the obligations of a class representative, and has retained experienced counsel, as is indicated by Appendix C, which sets forth counsel's qualifications.

39. There are no conflicts between Plaintiff and the class members.

**Appropriateness of Class Action**

40. Efficiency is the primary focus in determining whether the class action is an appropriate method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank,* 57 F.R.D. 545 (N.D.Ill. 1972). It is proper for a court, in deciding this issue, to consider the ". . . inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.,* 503 F.2d 1161, 1165 (7th Cir. 1974).

-10-

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

41.     In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer. The vast majority of consumers are undoubtedly unaware that their rights are being violated. In addition, the modest size of the claims makes it unlikely that consumers would be able to pay to retain counsel to protect their rights on an individual basis.

42.     The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .

*In re Folding Carton Antitrust Lit.*, 75 F.R.D. 727, 732 (N.D.Ill. 1977) (citations omitted).)

Another court noted:

> Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller and Kane have discussed, in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see e.g., *Phillips Petroleum Co. v. Shutts,* 472 U.S. 797, 809 (1985) ('Class actions...may permit the plaintiff to pool claims which would be uneconomical to litigate individually.') The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.

*Lake v. First Nationwide Bank*, 156 F.R.D. 615 at 628, 629 (E.D.Pa 1994).

## CONCLUSION

43.     The Court should certify Count I of the Complaint as a class action.

Respectfully submitted,

/s/Daniel A. Edelman
Daniel A. Edelman

-11-

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

Daniel A. Edelman (ARDC 0712094)
Cathleen M. Combs (ARDC 0472840)
Tara L. Goodwin (ARDC 6297473)
Daniel Scott Miller (ARDC 6331448)
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
dedelman@edcombs.com
ccombs@edcombs.com
tgoodwin@edcombs.com
dmiller@edcombs.com
courtecl@edcombs.com
Atty. No. 41106 (Cook)

-12-

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that on July 16, 2020, I caused this document to be sent via process server on:

> Land Home Financial Services, Inc.
> C/O Registered Agent:
> Illinois Corporation Service Co.
> 801 Adlai Stevenson Drive
> Springfield, IL 62703
>
> Atlantica, LLC
> C/O Registered Agent:
> Illinois Corporation Service Co.
> 801 Adlai Stevenson Drive
> Springfield, IL 62703

*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Cathleen M. Combs (ARDC 0472840)
Tara L. Goodwin (ARDC 6297473)
Daniel Scott Miller (ARDC 6331448)
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
dedelman@edcombs.com
ccombs@edcombs.com
tgoodwin@edcombs.com
dmiller@edcombs.com
courtecl@edcombs.com
Atty. No. 41106 (Cook)

-13-

Return Date: No return date scheduled
Hearing Date: 7/23/2020 9:45 AM - 9:45 AM
Courtroom Number:
Location:

FILED
7/16/2020 4:57 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04980

9796020

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

# **APPENDIX A**



**FINANCIAL SERVICES, INC.**
*Your Preferred Community Lender*

3611 South Harbor Boulevard, Suite 100
Santa Ana, CA 92704
Phone: (877) 557-9042
https://servicing.lhfs.com/

4/20/2020

RAY BRIGGS

## NOTICE OF SALE OF OWNERSHIP OF MORTGAGE LOAN

Under federal law, borrowers are required to be notified in writing whenever ownership of a mortgage loan secured by their principal dwelling is sold, transferred or assigned (collectively, "sold") to a new creditor. This Notice is to inform you that your prior creditor has sold your mortgage loan (see loan information below) to the new creditor identified below.

**\*\*NOTE: The new creditor identified below is not the servicer of your loan. The servicer (identified below) acts on behalf of the new creditor to handle the ongoing administration of your loan, including the collection of mortgage payments. Please continue to send your mortgage payments as directed by the servicer, and NOT to the new creditor. Payments sent to the new creditor instead of the servicer may result in late charges on your loan and your account becoming past due. Neither the new creditor nor the servicer is responsible for late charges or other consequences of any misdirected payment.**

**SHOULD YOU HAVE ANY QUESTIONS REGARDING YOUR LOAN, PLEASE CONTACT THE SERVICER USING THE CONTACT INFORMATION SET FORTH BELOW. The servicer is authorized to handle routine inquiries and requests regarding your loan and, if necessary, to inform the new creditor of your request and communicate to you any decision with respect to such request. \*\***

Please note that the sale of your loan to us may also result in a change of servicer. If this occurs, you will receive a separate notice, required under federal law, providing information regarding the new servicer.

---

**LOAN INFORMATION**

Date of Loan: 10/13/1998
Original Loan Amount: $125,400.00
Date Your Loan was Sold to the New Creditor: 3/10/2020
Prior Loan Number:
New Loan Number:
Property Address:

**SERVICER INFORMATION**

Name: Land Home Financial Services, LLC

Mailing Address: 3611 South Harbor Blvd, Suite 100
                      Santa Ana, CA 92704

Telephone Number: 1-877-557-9042

Website: https://servicing.lhfs.com/

---

**Disclosure:** This is an attempt to collect a debt. Any information obtained will be used for that purpose (FDCPA 15 U.S.C. §§ 1692 *et seq*). You are now communicating with a debt collector. It does not imply that Land Home Financial Services, Inc. is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States in such instances, it is intended solely for informational purposes and does not constitute a demand for payment.

FILED DATE: 7/16/2020 4:57 PM    2020CH04980

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

Scope of responsibilities: The servicer is responsible for all ongoing administration of your loan, including receipt and processing of payments, resolution of payment related issues, and response to any other inquiries you may have regarding your loan.

**NEW CREDITOR INFORMATION**

**Please be advised that all questions involving the administration of your loan (including questions related to payments, deferrals, modification or foreclosures) should be directed to the new servicer at the number above ad/or the agent (if any) of the new creditor identified below, and not to the new creditor. The new creditor does not have access to information relating to the administration of your loan and will not be able to answer most loan-related questions.**

Name: Atlantica, LLC

Mailing Address (not for payments): 2001 Western Ave, Ste 400
                                     Seattle, WA 98121

Telephone Number: 855-330-9520

Scope of responsibility: As new creditor, the above-named legal title trustee holds legal title to your loan on behalf of the related securitization trust. The legal title trustee, on behalf of the securitization trust, is authorized to receive legal notices and to exercise (or cause an agent on its behalf to exercise) certain rights of ownership with respect to your loan.

The transfer of the lien associated with your loan is, or in the future may be, recorded in the public records of the local County Recorder's office for the county or local jurisdiction where your property is located. Ownership of your loan may also be recorded on the registry of the Mortgage Electronic Registrations System at 1818 Library Street, Suite 300, Reston, VA 20190.

Our rights and obligations as new creditor, and consequently our authority to respond favorably to your requests or inquiries, may be limited by the terms of one or more contracts related to the securitization.

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

**(a)  Notice of debt; contents**

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

  **(1)**  the amount of the debt;
  **(2)**  the name of the creditor to whom the debt is owed;
  **(3)**  a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
  **(4)**  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
  **(5)**  a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**(b)  Disputed debts**

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

**(c)  Admission of liability**

The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.

**(d)  Legal pleadings**

A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.

**(e)  Notice provisions**

The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by Title 26, title V of Gramm-Leach-Bliley Act [ 15 U.S.C.A. § 6801 et seq. ], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

# **APPENDIX B**

FILED DATE: 7/16/2020 4:57 PM    2020CH04980

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

|  |  |
|---|---|
| RAY G. BRIGGS,<br>on behalf of Plaintiff and a class, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) <br> ) |
| LAND HOME FINANCIAL<br>SERVICES, INC. and<br>ATLANTICA, LLC, | ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

### DECLARATION OF DANIEL A. EDELMAN

Daniel A. Edelman declares under penalty of perjury, as provided for by 735 ILCS 5/1-109, that the following statements are true:

1.    Edelman, Combs, Latturner & Goodwin, LLC, has 8 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, Julie Clark, Heather Kolbus, Cassandra P. Miller, and Tiffany N. Hardy, and four associates.

2.    **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School.  From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases).  In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982.  From the end of 1985 he has been in private practice in downtown Chicago.  Virtually all of his practice involves litigation on behalf of consumers, through both class and individual actions.  He is the author of the chapters on the "Fair Debt Collection Practices Act," "Truth in Lending Act," and "Telephone Consumer Protection Act" in *Illinois Causes of Action* (Ill. Inst. For Cont. Legal Educ.  2014 and earlier editions), author of the chapter on the Telephone Consumer Protection Act in *Federal Deception Law* (National Consumer Law Center 2013 Supp.), author of *Collection Litigation: Representing the Debtor*  (Ill. Inst. Cont. Legal Educ. 2008, 2011, 2014, 2019), and *Collection Litigation: Representing the Debtor* (Ill. Inst. Cont. Legal Educ. 2014); author of Chapter 6, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal Educ. 2004, 2008, 2013), co-author of Rosmarin & Edelman, *Consumer Class Action Manual* (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of *Representing Consumers in Litigation with Debt Buyers* (Chicago Bar Ass'n 2008);  *Predatory Mortgage Lending* (Ill. Inst. for Cont. Legal. Educ. 2008, 2011), author of Chapter 6, "Predatory Lending and Potential Class Actions," in *Real Estate Litigation* (Ill. Inst. For Cont. Legal Educ. 2004, 2008, 2014), *Illinois Consumer Law*, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002);  *Payday Loans:  Big Interest Rates and Little Regulation*, 11 Loy.Consumer L.Rptr. 174 (1999); author of *Consumer Fraud and Insurance Claims*, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," *Ohio Consumer Law* (1995 ed.); co-author of

-1-

FILED DATE: 7/16/2020 4:57 PM 2020CH04980

*Fair Debt Collection: The Need for Private Enforcement*, 7 Loy.Consumer L.Rptr. 89 (1995); author of *An Overview of The Fair Debt Collection Practices Act*, in Financial Services Litigation, Practicing Law Institute (1999); co-author of *Residential Mortgage Litigation*, in Financial Services Litigation, Practicing Law Institute (1996); author of *Automobile Leasing: Problems and Solutions*, 7 Loy.Consumer L.Rptr. 14 (1994); author of *Current Trends in Residential Mortgage Litigation*, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); co-author of *Illinois Consumer Law* (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, *Attorney Liability Under the Fair Debt Collection Practices Act* (Chicago Bar Ass'n 1996); and author of *The Fair Debt Collection Practices Act: Recent Developments*, 8 Loy.Consumer L. Rptr. 303 (1996), among others. Mr. Edelman is also a frequent speaker on consumer law topics for various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conference, and the Illinois Institute for Continuing Legal Education, and he has testified on behalf of consumers before the Federal Trade Commission and the Illinois legislature. He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Courts for the Eastern and Western Districts of Wisconsin, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

3.     **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. From 1984-1991, she supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991 and became a named partner in 1993. Ms. Combs received an Award for Excellence in Pro Bono Service from the Judges of the United States District Court for the Northern District of Illinois and the Chicago Chapter of the Federal Bar Association on May 18, 2012. Ms. Combs has argued over fifteen cases in the 1st, 3rd and 7th Circuit Court of Appeals and the Illinois Appellate Court, and she is a frequent speaker on consumer law topics at various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conferences, and the Practicing Law Institute's Consumer Financial Services Institute. Ms. Combs is coauthor of *The Bankruptcy Practitioner's Guide to Consumer Financial Services Actions After the Subprime Mortgage Crisis* (LRP Publications 2010). Her reported decisions include: *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) (en banc); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 Fed. Appx. 200 (3d Cir. 2012); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002); *Chandler v. American General Finance, Inc.*, 329 Ill. App.3d 729, 768 N.E.2d 60 (1st Dist. 2002); *Miller v. McCalla Raymer*, 214 F.3d 872 (7th Cir. 2000); *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000); *Emery v. American Gen. Fin., Inc.*, 71 F.3d 1343 (7th Cir. 1995); *McDonald v. Asset Acceptance, LLC*, 296 F.R.D. 513 (E.D.Mich. 2013); and *Tocco v. Real Time Resolutions*, 48 F.Supp.3d 535 (S.D.N.Y. 2014). She is a member of the Illinois bar and admitted to practice in the following courts: United States District Courts for the Northern, Central and Southern Districts of Illinois, United States District Courts for the Northern and Southern Districts of Indiana, Seventh Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, and Tenth Circuit Court of Appeals. She is a member of the Northern District of Illinois trial bar.

4.     **James O. Latturner** is a 1962 graduate of the University of Chicago Law

FILED DATE: 7/16/2020 4:57 PM    2020CH04980

School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in *Federal Practice Manual for Legal Services Attorneys* (M. Masinter, Ed., National Legal Aid and Defender Association 1989); *Governmental Tort Immunity in Illinois*, 55 Ill.B.J. 29 (1966); *Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations*, 2 Loy.Consumer L.Rep. 64 (1990), and *Illinois Consumer Law* (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued over 30 appeals, including two cases in the United States Supreme Court, three in the Illinois Supreme Court, and numerous cases in the Seventh, Third, Fifth, and Eleventh Circuits. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5.    **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988) and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). Ms. Goodwin was Chair of the Chicago Bar Association's Consumer Law Committee from 2007 - 2010, and she has previously been on the faculty of the Practicing Law Institute's Consumer Financial Services Institute in Chicago, speaking on issues relating to the Fair Debt Collection Practices Act and mortgage litigation. Ms. Goodwin spoke at the 2016 Conference on Consumer Finance Law on mortgage servicing issues. Ms. Goodwin has also been a frequent speaker at the Chicago Bar Association, speaking on topics such as how to assist consumers with credit reporting problems, developments in class action law and arbitration agreements in consumer contracts. **Reported Cases.** *Aleksic v. Experian Information Solutions, Inc.*, 2014 WL 2769122 (N.D.Ill. June 18, 2014); *Taylor v. Screening Reports, Inc.*, 2015 WL 4052824 (N.D.Ill. July 2, 2015); *Williams v. Chartwell Financial Services, Ltd.*, 204 F.3d 748 (7th Cir. 2000); *Hillenbrand v. Meyer Medical Group*, 288 Ill.App.3d 871, 682 N.E.2d 101 (1st Dist. 1997), later opinion, 308 Ill.App.3d 381, 720 N.E.2d 287 (1st Dist. 1999); *Bessette v. Avco Fin. Servs.*, 230 F.3d 439 (1st Cir. 2000); *Large v. Conseco Fin. Servicing Co.*, 292 F.3d 49 (1st Cir. 2002); *Flippin v. Aurora Bank, FSB*, 12 C 1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Henry v. Teletrack, Inc.*, 11 C 4424,  2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill. March 7, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917  (N.D.Ill. Feb. 9, 2012); *Bunton v. Cape Cod Village, LLC*, No. 09-1044, 2009 WL 2139441, 2009 U.S. Dist. LEXIS 57801 (C.D.Ill. July 6, 2009); *Wilson v. Harris N.A.*, No. 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345  (N.D.Ill. Sept. 4, 2007); *Carbajal v. Capital One*, 219 F.R.D. 437 (N.D.Ill. 2004); *Russo v. B&B Catering*, 209 F.Supp.2d 857 (N.D.Ill. 2002); *Romaker v. Crossland Mtg. Co.*, No. 94 C 3328,  1996 WL 254299, 1996 U.S.Dist. LEXIS 6490  (N.D.Ill. May 10, 1996);  *Mount v. LaSalle Bank Lake View*, 926 F.Supp. 759 (N.D.Ill 1996).  Ms. Goodwin is a member of the Illinois bar and is admitted in the Seventh, First, and D.C. Circuit Courts of Appeals, and the United States District Courts for the Northern and Central Districts of Illinois, and the Northern District of Indiana.  She is also a member of the Northern District of Illinois trial bar.

6.    **Julie Clark** (neé Cobalovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) ; *Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Qualkenbush v. Harris Trust & Savings Bank*,  219 F. Supp.2d 935 (N.D.Ill. 2002); *Covington-McIntosh v. Mount Glenwood Memory Gardens*, 00 C 186,  2002 WL 31369747 (N.D.Ill., Oct. 21, 2002), later opinion, 2003 WL 22359626 (N.D.Ill. Oct. 15, 2003); *Western  Ry. Devices*

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

*Corp. v. Lusida Rubber Prods.*, 06 C 52, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867 (N.D.Ill. June 13, 2006); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill. June 4, 2007); *Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc.*, 07 C 5715, 2007 WL 3448731, 2007 U.S. Dist. LEXIS 84425 (N.D.Ill. Nov. 14, 2007); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 17, 2008); *Sadowski v. OCO Biomedical, Inc.*, 08 C 3225, 2008 WL 5082992, 2008 U.S. Dist. LEXIS 96124 (N.D.Ill. Nov. 25, 2008); *ABC Bus. Forms, Inc. v. Pridamor, Inc.*, 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy v. Promius Pharma, LLC*, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Lab., Inc.*, 10 C 1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); *Garrett v. Sharps Compliance, Inc.*, 10 C 4030, 2010 WL 4167157, 2010 U.S. Dist. LEXIS 109912 (N.D.Ill. Oct. 14, 2010).

7.    **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude*, 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** *Clark v. Experian Info. Solutions, Inc.*, 8:00cv1217-22, 2004 WL 256433, 2004 U.S. Dist. LEXIS 28324 (D.S.C., Jan. 14, 2004); *DeFrancesco v. First Horizon Home Loan Corp.*, 06-0058, 2006 WL 3196838, 2006 U.S. Dist. LEXIS 80718 (S.D.Ill. Nov. 2, 2006); *Jeppesen v. New Century Mortgage Corp.*, 2:05cv372, 2006 WL 3354691, 2006 U.S. Dist. LEXIS 84035 (N.D.Ind. Nov. 17, 2006); *Benedia v. Super Fair Cellular, Inc.*, 07 C 1390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill. Sept. 26, 2007); *Gonzalez v. Codilis & Assocs., P.C.*, 03 C 2883, 2004 WL 719264, 2004 U.S. Dist. LEXIS 5463 (N.D.Ill. March 30, 2004); *Centerline Equipment Corp. v. Banner Personnel Svc., Inc.*, 07 C 1611, 2009 WL 1607587, 2009 U.S. Dist. LEXIS 48092 (N.D.Ill. June 9, 2009); *R. Rudnick & Co. v. G.F. Protection, Inc.*, 08 C 1856, 2009 WL 112380, 2009 U.S. Dist. LEXIS 3152 (N.D.Ill. Jan. 15, 2009); *Pollack v. Cunningham Financial Group, LLC*, 08 C 1405, 2008 WL 4874195, 2008 U.S. Dist. LEXIS 4166 (N.D.Ill. June 2, 2008); *Pollack v. Fitness Innovative Techs., LLC*, No. 08 CH 03430, 2009 WL 506280, 2009 TCPA Rep. 1858 (Ill. Cir. Ct., Jan. 14, 2009); *R. Rudnick & Co. v. Brilliant Event Planning, Inc.*, No. 09 CH 18924, 2010 WL 5774848, 2010 TCPA Rep. 2099 (Ill. Cir. Ct., Nov. 30, 2010).

8.    **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** *Pietras v. Sentry Ins. Co.*, 513 F.Supp.2d 983 (N.D.Ill. 2007); *Hernandez v. Midland Credit Mgmt.*, 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill. Sept. 25, 2007); *Balogun v. Midland Credit Mgmt.*, 1:05cv1790, 2007 WL 2934886, 2007 U.S. Dist. LEXIS 74845 (S.D.Ind. Oct. 5, 2007); *Herkert v. MRC Receivables Corp.*, 655 F. Supp. 2d 870 (N.D.Ill. 2008); *Miller v. Midland Credit Management, Inc.*, No. 08 C 780, 2009 WL 528796, 2009 U.S. Dist. LEXIS 16273 (N.D.Ill. March 2, 2009); *Frydman v. Portfolio Recovery Associates, LLC*, 11 C 524, 2011 WL 2560221, 2011 U.S. Dist. LEXIS 69502 (N.D.Ill. June 28, 2011).

9.    **Tiffany N. Hardy** is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D. 2001). **Reported cases:** *Unifund v. Shah*, 407 Ill.App.3d 737, 946 N.E.2d 885 (1st Dist. 2011), later opinion, 2013 IL App (1st) 113658, 993 N.E.2d 518; *Tocco v. Real Time Resolutions*, 48 F.Supp.3d 535 (S.D.N.Y. 2014); *Balbarin v. North Star*, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 5, 2011)(class certified); *Diaz v. Residential Credit Solutions, Inc.*, 965 F.Supp.2d 249 (E.D.N.Y. 2013), later opinion, 297 F.R.D. 42 (E.D.N.Y. 2014), later opinion, 299 F.R.D. 16 (E.D.N.Y. 2014); *Manlapaz v. Unifund*, 08 C 6524, 2009 WL 3015166, 2009 U.S. Dist. LEXIS 85527 (N.D.Ill. Sept. 15, 2009); *Matmanivong v. Unifund*, 08 C 6415, 2009 WL 1181529, 2009 U.S.

-4-

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

Dist. LEXIS 36287 (N.D.Ill. Apr. 28, 2009); *Kubiski v. Unifund*, 08 C 6421, 2009 WL 774450, 2009 U.S. Dist. LEXIS 26754 (N.D.Ill. Mar. 25, 2009); *Cox v. Unifund CCR Partners*, 08 C 1005 (N.D.Ill. Dec. 4, 2008) (Report and Recommendation for Class Certification); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); *Cotton v. Asset Acceptance*, 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill. June 26, 2008) (class certified); *Ketcham v. American Acceptance Co.*, 641 F. Supp. 2d 782 (N.D.Ind. 2008); *D'Elia v. First Capital*, 07 C 6042, 2008 WL 4344571, 2008 U.S. Dist. LEXIS 22461 (N.D.Ill. Mar. 19, 2008).  She is admitted in New York and the District of Columbia as well as Illinois.

        10.    **Associates**:

        a.    **David Kim** is a graduate of the University of Illinois (B.A., 2001, M.A., 2004) and  Illinois Institute of Technology, Chicago-Kent College of Law (J.D., 2010).

        b.    **Bryan Lesser** is a graduate of Lawrence University (B.A. 2014) and Georgetown University Law Center (J.D., 2018).

        c.    **Daniel Scott Miller** is a graduate of Durham University (B.A. 2014) and University of Illinois College of Law (J.D. 2018).

        d.    **Kasun Wijegunawardana** is a graduate of Cornell College (B.A. 2010) and Loyola University Chicago Law School (J.D., 2019).

        11.    The firm also has a dozen legal assistants and support staff.

        12.    Since its inception, the firm has recovered more than $500 million for consumers.  The types of cases handled by the firm are illustrated by the following:

        13.    **Collection practices:** The firm has brought numerous cases under the Fair Debt Collection Practices Act, both class and individual.  Decisions include: *Jenkins v. Heintz*, 25 F.3d 536 (7th Cir. 1994), aff'd  514 U.S. 291 (1995) (FDCPA coverage of attorneys); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014)(en banc); *Janetos v. Fulton, Friedman & Gullace, LLP*, 825 F.3d 317  (7th Cir. 2016); *Barbato v. Greystone Alliance, LLC*, No. 18-1042, 2019 WL 847920 (3d Cir. Feb. 22, 2019); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7th Cir. 2012); *Ruth v. Triumph Partnerships*, 577 F.3d 790 (7th Cir. 2009); *Hale v. Afni, Inc.*, 08 C 3918, 2010 WL 380906, 2010 U.S. Dist. LEXIS 6715 (N.D.Ill. Jan. 26, 2010); *Parkis v. Arrow Fin Servs.*, 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Foster v. Velocity Investments*, 07 C 824, 2007 WL 2461665, 2007 U.S. Dist. LEXIS 63302 (N.D. Ill. Aug. 24, 2007); *Foreman v. PRA III, LLC*, 05 C 3372, 2007 WL 704478, 2007 U.S. Dist. LEXIS 15640 (N.D. Ill. March 5, 2007); *Schutz v. Arrow Fin. Services*, 465 F. Supp. 2d 872 (N.D.Ill. 2006); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014),  later opinion, 807 F.3d 872 (7th Cir. 2015) (collection of time-barred debts); *Siwulec v. J.M. Adjustment Servs., LLC*, 465 Fed. Appx. 200 (3d Cir. 2012); (activities of mortgage company field agents); *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003) (FDCPA coverage of debt buyers); *Peter v. GC Servs. L.P.*, 310 F.3d 344 (5th Cir. 2002); *Nielsen v. Dickerson*, 307 F.3d 623 (7th Cir. 2002) (attorney letters without attorney involvement); *Boyd v. Wexler*, 275 F.3d 642 (7th Cir. 2001); *Miller v. McCalla, Raymer, Padrick,*

FILED DATE: 7/16/2020 4:57 PM    2020CH04980

*Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000); *Johnson v. Revenue Management, Inc.*, 169 F.3d 1057 (7th Cir.1999); *Keele v. Wexler & Wexler*, 95 C 3483, 1995 WL 549048, 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. Sept. 12, 1995) (motion to dismiss), later opinion, 1996 WL 124452, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), aff'd, 149 F.3d 589 (7th Cir. 1998); *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232 (2nd Cir. 1998); *Young v. Citicorp Retail Services, Inc.*, No. 97-9397, 1998 U.S.App. LEXIS 20268, 159 F.3d 1349 (2nd Cir., June 29, 1998) (unpublished); *Charles v. Lundgren & Assocs., P.C.*, 119 F.3d 739 (9th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996), aff'g *Avila v. Van Ru Credit Corp.*, 94 C 3234, 1994 WL 649101 (N.D.Ill., Nov. 14, 1994), later opinion, 1995 WL 22866 (N.D.Ill., Jan. 18, 1995), later opinion, 1995 WL 41425 (N.D.Ill., Jan. 31, 1995), later opinion, 1995 WL 55255 (N.D.Ill., Feb. 8, 1995), later opinion, 1995 WL 683775, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 16, 1995); *Tolentino v. Friedman*, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); *Diaz v. Residential Credit Solutions, Inc.*, 965 F.Supp.2d 249 (E.D.N.Y. 2013), later opinion, 297 F.R.D. 42 (E.D.N.Y. 2014), later opinion, 299 F.R.D. 16 (E.D.N.Y. 2014); *Stubbs v. Cavalry SPV I*, 12 C 7235, 2013 WL 1858587 (N.D.Ill., May 1, 2013); *Osborn v. J.R.S.-I., Inc.*, 13 C 621, 2013 WL 2467654 (N.D.Ill., June 7, 2013); *Terech v. First Resolution Mgmt. Corp.*, 854 F.Supp.2d 537, 544 (N.D.Ill. 2012); *Casso v. LVNV Funding, LLC*, 12 C 7328, 2013 WL 3270654 (N.D.Ill., June 26, 2013); *Simkus v. Cavalry Portfolio Services, LLC*, 11 C 7425, 2012 WL 1866542 (N.D.Ill., May 22, 2012); *McDonald v. Asset Acceptance LLC*, 296 F.R.D. 513 (E.D.Mich. 2013); *Ramirez v. Apex Financial Management, LLC*, 567 F. Supp.2d 1035 (N.D. Ill. 2008); *Cotton v. Asset Acceptance, LLC*, 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26, 2008); *Buford v. Palisades Collection, LLC*, 552 F. Supp. 2d 800 (N.D.Ill. 2008); *Martin v. Cavalry Portfolio Servs., LLC*, 07 C 4745, 2008 WL 4372717, 2008 U.S. Dist. LEXIS 25904 (N.D.Ill., March 28, 2008); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); *Hernandez v. Midland Credit Mgmt.*, 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill., Sept. 25, 2007) (balance transfer program); *Blakemore v. Pekay*, 895 F.Supp.972 (N.D.Ill. 1995); *Oglesby v. Rotche*, 93 C 4183, 1993 WL 460841, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 5, 1993), *later opinion*, 1994 U.S.Dist. LEXIS 4866, 1994 WL 142867 (N.D.Ill., April 18, 1994); *Laws v. Cheslock*, 98 C 6403, 1999 WL 160236, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999); *Davis v. Commercial Check Control, Inc.*, 98 C 631, 1999 WL 89556, 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); *Hoffman v. Partners in Collections, Inc.*, 93 C 4132, 1993 WL 358158, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); *Vaughn v. CSC Credit Services, Inc.*, 93 C 4151, 1994 WL 449247, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 WL 51402, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); *Beasley v. Blatt*, 93 C 4978, 1994 WL 362185, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 11, 1994); *Taylor v. Fink*, 93 C 4941, 1994 WL 669605, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); *Gordon v. Fink*, 93 C 4152, 1995 WL 55242, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); *Brujis v. Shaw*, 876 F.Supp. 198 (N.D.Ill. 1995).

14.     *Jenkins v. Heintz* is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. Mr. Edelman argued it before the Supreme Court and Seventh Circuit. *Avila v. Rubin* and *Nielsen v. Dickerson* are leading decisions on phony "attorney letters." *Suesz v. Med-1 Solutions, LLC* is a leading decision on the FDCPA venue requirements. *McMahon v. LVNV Funding, LLC* is a leading decision on the collection of time-barred debts.

15.     **Debtors' rights**. Important decisions include: *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL

2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied) (Illinois statute of limitations for credit card debts); *Parkis v. Arrow Fin Servs.*, 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); *Rawson v. Credigy Receivables, Inc.,* 05 C 6032, 2006 WL 418665, 2006 U.S. Dist. LEXIS 6450 (N.D.Ill., Feb. 16, 2006) (same); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7ᵗʰ Cir. 2014) (collection of time-barred debts without disclosure); *Jones v. Kunin*, 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000) (scope of Illinois bad check statute); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002) (failure to allow cosigner to take over obligation prior to collection action); *Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7ᵗʰ Cir. 2014) (en banc) (venue abuse).

16.      **Telephone Consumer Protection Act.** The firm has brought a number of cases under the Telephone Consumer Protection Act, 47 U.S.C. §227, which prohibits "junk faxes," spam text messages, robocalls to cell phones, and regulates telemarketing practices. Important junk fax and spam text message decisions include:  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7ᵗʰ Cir. 2005); *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Benedia v. Super Fair Cellular, Inc.,*  07 C 01390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill., Sept. 26, 2007); *Centerline Equip. Corp. v. Banner Pers. Serv.*, 545 F. Supp. 2d 768 (N.D.Ill. 2008); *ABC Business Forms, Inc. v. Pridamor, Inc.*, 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); *Glen Ellyn Pharmacy, Inc. v. Promius Pharma, LLC*, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); *Garrett v. Ragle Dental Laboratory, Inc.*, 10 C 1315, 2010 WL 3034709, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill., Aug. 3, 3010).

17.      The firm has also brought a number of cases complaining of robocalling and telemarketing abuse, in violation of the Telephone Consumer Protection Act.  Decisions in these cases include: *Soppet v. Enhanced Recovery Co.*, 679 F.3d 637 (7ᵗʰ Cir. 2012); *Balbarin v. North Star Capital Acquisition, LLC*, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 21, 2011), *motion to reconsider denied*, 2011 U.S. Dist. LEXIS 58761 (N.D.Ill. 2011); *Sojka v. DirectBuy, Inc.*, 12 C 9809 et al., 2014 WL 1089072 (N.D.Ill., Mar. 18, 2014), later opinion, 2014 WL 1304234 (N.D.Ill., March 31, 2014).  The firm has a leadership role in Portfolio Recovery Associates, LLC, Telephone Consumer Protection Act Litigation, MDL No. 2295, and Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation, MDL No. 2286.

18.      **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, which include: *Henry v. Teletrack, Inc.,* 11 C 4424,  2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill.  March 7, 2012).

19.      Another line of cases under the Fair Credit Reporting Act which we have brought, primarily as class actions, alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA.  *Cole v. U.S. Capital, Inc.*, 389 F.3d 719 (7ᵗʰ Cir. 2004); *Murray v. GMAC Mortgage Corp.*, 434 F.3d 948 (7ᵗʰ Cir. 2006); *Perry v. First National Bank*, 459 F.3d 816 (7ᵗʰ Cir. 2006).

20.      **Class action procedure:** Important decisions include *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7ᵗʰ Cir. 2015); *Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7ᵗʰ Cir. 2013); *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877 (7th Cir. 2000); *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832 (7th Cir. 1999); *Mace v. Van Ru Credit Corp.*, 109

FILED DATE: 7/16/2020 4:57 PM    2020CH04980

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

F.3d 338, 344 (7th Cir. 1997); *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014) (mootness); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.*, 2015 IL 118644, 48 N.E.3d 1060 (Ill.Sup.Ct.) (mootness), and *Gordon v. Boden*, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

21. **Landlord-tenant:** The firm has brought more than 20 class actions against landlords to enforce tenants' rights. Claims include failing to pay interest on security deposits or commingling security deposits. Reported decisions include *Wang v. Williams*, 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); *Dickson v. West Koke Mill Vill. P'Ship*, 329 Ill. App. 3d 341; 769 N.E.2d 971 (4th Dist. 2002); and *Onni v. Apartment Inv. & Mgmt. Co.*, 344 Ill. App. 3d 1099; 801 N.E.2d 586 (2nd Dist. 2003).

22. **Mortgage charges and servicing practices:** The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices. These include MDL-899, *In re Mortgage Escrow Deposit Litigation*, and MDL-1604, *In re Ocwen Federal Bank FSB Mortgage Servicing Litigation*, as well as the Fairbanks mortgage servicing litigation. Decisions in the firm's mortgage cases include: *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Johnson v. Thomas*, 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); *Handy v. Anchor Mortgage Corp.*, 464 F.3d 760 (7th Cir. 2006); *Christakos v. Intercounty Title Co.*, 196 F.R.D. 496 (N.D.Ill. 2000); *Flippin v. Aurora Bank, FSB*, 12 C 1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); *Kesten v. Ocwen Loan Servicing, LLC*, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); *Johnstone v. Bank of America, N.A.*, 173 F.Supp.2d 809 (N.D.Ill. 2001); *Leon v. Washington Mut. Bank, F.A.*, 164 F.Supp.2d 1034 (N.D.Ill. 2001); *Williamson v. Advanta Mortg. Corp.*, 99 C 4784, 1999 WL 1144940, 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); *McDonald v. Washington Mut. Bank, F.A.*, 99 C 6884, 2000 WL 875416, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); *GMAC Mtge. Corp. v. Stapleton*, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); *Leff v. Olympic Fed. S. & L. Ass'n*, 86 C 3026, 1986 WL 10636 (N.D.Ill. Sept. 19, 1986); *Aitken v. Fleet Mtge. Corp.*, 90 C 3708, 1991 WL 152533,, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. July 30, 1991), later opinion, 1992 WL 33926, 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); *Poindexter v. National Mtge. Corp.*, 94 C 45814, 1995 WL 242287, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); *Sanders v. Lincoln Service Corp.*, 91 C 4542, 1993 WL 1125433, 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. April 5, 1993); *Robinson v. Empire of America Realty Credit Corp.*, 90 C 5063, 1991 WL 26593, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); *In re Mortgage Escrow Deposit Litigation*, M.D.L. 899, 1994 WL 496707, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 9, 1994); *Greenberg v. Republic Federal S. & L. Ass'n*, 94 C 3789, 1995 WL 263457, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

23. The recoveries in the escrow overcharge cases alone are over $250 million. *Leff* was the seminal case on mortgage escrow overcharges.

24. The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

25. **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. *Conley v. Sears, Roebuck*, 1:97cv11149 (D.Mass); *Fisher v. Lechmere Inc.*, 1:97cv3065 (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen

-8-

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. *Bessette v. Avco Financial Services*, 230 F.3d 439 (1st Cir. 2000).

26.     **Automobile sales and financing practices:**  The firm has brought many cases challenging practices relating to automobile sales and financing, including:

a.      Hidden finance charges resulting from pass-on of discounts on auto purchases. *Walker v. Wallace Auto Sales, Inc.*, 155 F.3d 927 (7th Cir. 1998).

b.      Misrepresentation of amounts disbursed for extended warranties. *Taylor v. Quality Hyundai, Inc.*, 150 F.3d 689 (7th Cir. 1998); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); *Slawson v. Currie Motors Lincoln Mercury, Inc.*, 94 C 2177, 1995 WL 22716, 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 13, 1995); *Cirone-Shadow v. Union Nissan, Inc.*, 955 F.Supp. 938 (N.D.Ill. 1997) (same); *Chandler v. Southwest Jeep-Eagle, Inc.*, 162 F.R.D. 302 (N.D.Ill. 1995); *Shields v. Lefta, Inc.*, 888 F. Supp. 891 (N.D.Ill. 1995).

c.      Spot delivery. *Janikowski v. Lynch Ford, Inc.*, 98 C 8111, 1999 WL 608714 (N.D.Ill., Aug. 5, 1999); *Diaz v. Westgate Lincoln Mercury, Inc.*, 93 C 5428, 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. Nov. 14, 1994); *Grimaldi v. Webb*, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

d.      Force placed insurance. *Bermudez v. First of America Bank Champion, N.A.*, 860 F.Supp. 580 (N.D.Ill. 1994); *Travis v. Boulevard Bank*, 93 C 6847, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill. 1995); *Moore v. Fidelity Financial Services, Inc.*, 884 F. Supp. 288 (N.D.Ill. 1995).

e.      Improper obligation of cosigners. *Lee v. Nationwide Cassell*, 174 Ill.2d 540, 675 N.E.2d 599 (1996); *Taylor v. Trans Acceptance Corp.*, 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); *Qualkenbush v. Harris Trust & Sav. Bank*, 219 F. Supp. 2d 935 (N.D.Ill. 2002).

f.      Evasion of FTC holder rule. *Brown v. LaSalle Northwest Nat'l Bank*, 148 F.R.D. 584 (N.D.Ill. 1993), later opinion, 820 F.Supp. 1078 (N.D.Ill. 1993), later opinion, 92 C 8392, 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

27.     These cases also had a substantial effect on industry practices.  The warranty cases, such as *Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler,* and *Shields*, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

28.     **Predatory lending practices:**  The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, both as individual and class actions. *Jackson v. Payday Financial LLC*, 764 F.3d 765 (7th Cir. 2014), *cert. denied,* 135 S.Ct. 1894 (2015); *Livingston v. Fast Cash USA, Inc.*, 753 N.E.2d 572 (Ind. Sup. Ct. 2001); *Williams v. Chartwell Fin. Servs.*, 204 F.3d 748 (7th Cir. 2000); *Hamm v. Ameriquest Mortg. Co.*, 506 F.3d 525 (7th Cir. 2007); *Handy v. Anchor Mortg. Corp.*, 464 F.3d 760 (7th Cir. 2006); *Laseter v. Climateguard Design & Installation LLC*, 931 F.Supp.2d 862 (N.D.Ill. 2013); *Hubbard v. Ameriquest Mortg. Co.*, 624 F.Supp.2d 913 (N.D.Ill. 2008); *Martinez v. Freedom Mortg. Team,*

-9-

FILED DATE: 7/16/2020 4:57 PM    2020CH04980

*Inc.*, 527 F. Supp. 2d 827 (N.D.Ill. 2007); *Pena v. Freedom Mortg. Team, Inc.*, 07 C 552, 2007 WL 3223394, 2007 U.S. Dist. LEXIS 79817 (N.D.Ill., October 24, 2007); *Miranda v. Universal Fin. Group, Inc.*, 459 F. Supp. 2d 760 (N.D.Ill. 2006); *Parker v. 1-800 Bar None, a Financial Corp., Inc.*, 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb. 12, 2002); *Gilkey v. Central Clearing Co.*, 202 F.R.D. 515 (E.D.Mich. 2001); *Van Jackson v. Check 'N Go of Illinois, Inc.*, 193 F.R.D. 544 (N.D.Ill. 2000), later opinion,  114 F. Supp. 2d 731 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F. Supp. 2d 1085 (N.D.Ill. 2000); *Henry v. Cash Today, Inc.*, 199 F.R.D. 566 (S.D.Tex. 2000); *Donnelly v. Illini Cash Advance, Inc.*, 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); *Jones v. Kunin*, 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); *Davis v. Cash for Payday*, 193 F.R.D. 518 (N.D.Ill. 2000); *Reese v. Hammer Fin. Corp.*, 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677 (N.D.Ill., Nov. 29, 1999); *Pinkett v. Moolah Loan Co.*, 99 C 2700,  1999 WL 1080596, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); *Gutierrez v. Devon Fin. Servs.*, 99 C 2647, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); *Vance v. National Benefit Ass'n*, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

29.     **Other consumer credit issues:** The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

a.      Phony nonfiling insurance. *Edwards v. Your Credit Inc.*, 148 F.3d 427 (5th Cir. 1998); *Adams v. Plaza Finance Co.*, 168 F.3d 932  (7th Cir. 1999); *Johnson v. Aronson Furniture Co.*, 96 C 117, 1997 U.S. Dist. LEXIS 3979 (N.D.Ill., March 31, 1997), later opinion, 1993 WL 641342 (N.D.Ill., Sept. 11, 1998).

b.      The McCarran Ferguson Act exemption. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037 (7th Cir. 1998).

c.      Loan flipping. *Emery v. American General*, 71 F.3d 1343 (7th Cir. 1995). *Emery* limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

d.      Home improvement financing practices. *Fidelity Financial Services, Inc. v. Hicks*, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; *Heastie v. Community Bank of Greater Peoria*,  690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990).

e.      Insurance packing. *Elliott v. ITT Corp.*, 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

30.     **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions.  Decisions in these cases include *Lundquist v. Security Pacific Automotive Financial Services Corp.*, 993 F.2d 11 (2d Cir. 1993); *Kedziora v. Citicorp Nat'l Services, Inc.*, 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 91 C 3428,  1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); *Johnson v. Steven Sims Subaru and Subaru Leasing*, 92 C 6355, 1993 WL 761231, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 WL 13074115, 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993);

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

*McCarthy v. PNC Credit Corp.*, 2:91CV00854 (PCD), 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434 (7th Cir. 1994); *Simon v. World Omni Leasing Inc.*, 146 F.R.D. 197 (S.D.Ala. 1992).

31.     *Lundquist* and *Highsmith* are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act.  As a result of the *Lundquist* case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

32.     **Insurance litigation:** Often securing recovery for a class requires enforcement of the rights under the defendant's insurance policy.  The firm has extensive experience with such litigation.  Reported decisions in such cases include:  *Record-A-Hit, Inc. v. Nat'l Fire Ins. Co.*, 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); *Pietras v. Sentry Ins. Co.*, 06 C 3576, 2007 WL 715759, 2007 U.S. Dist. LEXIS 16015 (N.D.Ill., March 6, 2007), later opinion, 513 F. Supp. 2d 983 (N.D.Ill. 2007); *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 06 C 2092, 2007 WL 2608559, 2007 U.S. Dist. LEXIS 65339 (N.D.Ill., Aug. 31, 2007); *National Fire Ins. Co. v. Tri-State Hose & Fitting, Inc.*, 06 C 5256, 2007 U.S. Dist. LEXIS 45685 (N.D.Ill., June 21, 2007); *Nautilus Ins. Co. v. Easy Drop Off, LLC*, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill., June 4, 2007).

33.     Some of the other reported decisions in our cases include:  *Elder v. Coronet Ins. Co.*, 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); *Smith v. Keycorp Mtge., Inc.*, 151 B.R.  870 (N.D.Ill. 1992); *Gordon v. Boden*, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); *Armstrong v. Edelson*, 718 F.Supp. 1372 (N.D.Ill. 1989); *Newman v. 1st 1440 Investment, Inc.*, 89 C 6708, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. Jan. 15, 1993); *Mountain States Tel. & Tel. Co.*, v. District Court, 778 P.2d 667 (Colo. 1989); *Harman v. Lyphomed, Inc.*, 122 F.R.D. 522 (N.D.Ill. 1988); *Haslam v. Lefta, Inc.*, 93 C 4311, 1994 WL 117463, 1994 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); *Source One Mortgage Services Corp. v. Jones*, 88 C 8441, 1994 WL 13664, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994); *Wilson v. Harris N.A.*, 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007). *Wendorf v. Landers*, 755 F.Supp.2d 972 (N.D.Ill. 2010); *QuickClick Loans LLC v. Russell*, 407 Ill.App.3d 46; 943 N.E.2d 166 (1st Dist. 2011), *pet. denied*, 949 N.E.2d 1103 (2011) and *Adkins v. Nestle Purina Petcare Co.*, 973 F.Supp.2d 905 (N.D.Ill. 2013).

34.     *Gordon v. Boden* is the first decision approving "fluid recovery" in an Illinois class action.  *Elder v. Coronet Insurance* held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

Executed at Chicago, Illinois.


                                          /s/ Daniel A. Edelman
                                          Daniel A. Edelman

EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Return Date: No return date scheduled
Hearing Date: 7/23/2020 9:45 AM - 9:45 AM
Courtroom Number:
Location:

FILED
7/16/2020 4:57 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020CH04980

9796020

**Atty. No. 41106**

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| RAY G. BRIGGS,<br>on behalf of Plaintiff and a class, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2020-CH-04980 |
| vs. | ) | |
| | ) | Honorable Judge Alison C. Conlon |
| LAND HOME FINANCIAL<br>SERVICES, INC. and<br>ATLANTICA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF MOTION

**To:**

Land Home Financial Services, Inc.          Atlantica, LLC
C/O Registered Agent:                               C/O Registered Agent:
Illinois Corporation Service Co.                  Illinois Corporation Service Co.
801 Adlai Stevenson Drive                          801 Adlai Stevenson Drive
Springfield, IL 62703                                   Springfield, IL 62703

**PLEASE TAKE NOTICE** that on July 23, 2020 at 9:45 a.m., we will appear before the Honorable Judge Alison C. Conlon in room 2408 of the Richard J. Daley Center, 50 W. Washington Street, Chicago, Illinois 60602, and shall there and then present: **Plaintiff's Motion for Class Certification**.

Respectfully submitted,

*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Daniel Scott Miller
**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)

1

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

Email address for service:
dedelman@edcombs.com
ccombs@edcombs.com
tgoodwin@edcombs.com
dmiller@edcombs.com
courtecl@edcombs.com
Atty. No. 41106 (Cook)

2

FILED DATE: 7/16/2020 4:57 PM   2020CH04980

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, certify that on July 16, 2020, I caused this document to be sent via process server on:

> Land Home Financial Services, Inc.
> C/O Registered Agent:
> Illinois Corporation Service Co.
> 801 Adlai Stevenson Drive
> Springfield, IL 62703
>
> Atlantica, LLC
> C/O Registered Agent:
> Illinois Corporation Service Co.
> 801 Adlai Stevenson Drive
> Springfield, IL 62703

*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Daniel Scott Miller
**EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
dedelman@edcombs.com
ccombs@edcombs.com
tgoodwin@edcombs.com
dmiller@edcombs.com
courtecl@edcombs.com
Atty. No. 41106 (Cook)

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RAY G. BRIGGS,

        Plaintiff,

vs.

LAND HOME FINANCIAL SERVICES, INC.
and ATLANTICA, LLC,

        Defendants.

Case No.

## CONSENT TO REMOVAL

Atlantica, LLC, hereby consents to removal of *Ray G. Briggs v. Land Home Financial Services, Inc. and Atlantica, LLC.,* 2020 CH 04980, in the Circuit Court of Cook County, Illinois to Federal Court. Atlantica, LLC preserves and does not waive any rights, defenses, or responsive pleadings.

Print: *Rocio Dixon*

Signed: *Rocio Nijen*

Dated: *8/17/2020*

1

**EXHIBIT 2**